UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| KARISHA WHITAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| ) | |
| COGNIZANT TECHNOLOGY ) | |
| SOLUTIONS US CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, KARISHA WHITAKER ("Plaintiff" or "Whitaker"), files her Complaint against the Defendant, COGNIZANT TECHNOLOGY SOLUTIONS US CORPORATION ("Defendant" or "Cognizant"), and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages and injunctive relief, pursuant the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* ("FMLA") and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter "ADA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful interference with Plaintiff's rights under the FMLA, intentional and systematic discrimination based on Plaintiff's disability, lawful exercise of her rights under the FMLA and in retaliation for Plaintiff's protected requests.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FMLA and the ADA.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4. Plaintiff, Whitaker, is a citizen of the United States was at all times material, a resident of the State of North Carolina.

5. Defendant, Cognizant, is a For-Profit Corporation with its principal place of business located at 300 Frank W. Burr Blvd, Suite 36, 6th Floor Teaneck, New Jersey, and operates in this district located at 1100 Reynolds Blvd. Winston-Salem, North Carolina.

6. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On March 14, 2022, Plaintiff filed a timely claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b)and (e), based on disability discrimination and retaliation.

9. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

10. On March 28, 2023 the EEOC issued a Notice of Right to Sue.

11. This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**FACTUAL ALLEGATIONS**

12. Plaintiff was employed by Defendant in November 2018 as a Customer Service Representative, working or exceeding forty hours per week.

13. In June 2020, Plaintiff was diagnosed with arthritis, as Defendant is aware.

14. Plaintiff's disability substantially limited one or more of her major life activities and constitutes a disability under applicable law.

15. Plaintiff was able to perform essential job functions.

16. In November 2021, Plaintiff requested medical leave to undergo hip surgery for her condition.

17. Plaintiff returned to work in mid-January 2022.

18. However, due to her condition worsening after surgery, Plaintiff contacted the Benefits Department to inquire as to how to apply for reasonable accommodation for her disability.

19. Shortly thereafter, Plaintiff submitted a request for accommodation and supporting medical documentation to the Benefits Department.

20. However, Michelle Bandy, HR Representative for Defendant, denied Plaintiff's reasonable request for accommodation.

21. Just over one week later, Joseph Oliver, On-Site Manager for Defendant, and Sheila Crouch, Senior Manager for Defendant, terminated Plaintiff's employment under pretext.

22. The discrimination and retaliation Plaintiff was subjected to was perpetrated, in

part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

23. Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

24. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

25. Plaintiff has been damaged by Defendant's illegal conduct.

26. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I: Interference in Violation of the FMLA

27. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26, above.

28. Plaintiff was an employee eligible for protected leave under the FMLA.

29. Defendant is and was an employer as defined by the FMLA.

30. Plaintiff exercised or attempted to exercise her rights under the FMLA.

31. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

32. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

33. Plaintiff was injured due to Defendant's willful violations of the FMLA and she is entitled to legal relief.

## Count II: Retaliation in Violation of the FMLA

34. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in

Paragraphs 1-26, above.

35. Plaintiff was an employee eligible for protected leave under the FMLA.

36. Defendant is and was an employer as defined by the FMLA.

37. Plaintiff exercised or attempted to exercise her rights under the FMLA. Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights.

38. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

39. Plaintiff was injured due to Defendant's willful violations of the FMLA and she is entitled to legal relief.

## Count III: Disability Discrimination under the ADA

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26, above.

41. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

42. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

43. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

44. Plaintiff was able to perform the essential functions of her job at the time of her termination.

45. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

46. Defendant intentionally discriminated against Plaintiff and subjected Plaintiff to

disparate and discriminatory treatment throughout her employment based on her disability, thereby resulting in Plaintiff's unlawful termination.

47. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

48. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count IV: Failure to Accommodate in Violation of the ADA

49. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26, above.

50. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

51. Plaintiff was able to perform the essential functions of her job at the time of her termination.

52. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

53. Defendant is required under the ADA to engage in the interactive process and provide reasonable accommodations for Claimant's disability.

54. Defendant failed to reasonably accommodate Plaintiff or engage in the interactive process.

55. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

56. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

57. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count V: Retaliation in Violation of the ADA

58. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26, above.

59. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

60. At all times relevant to this action, Plaintiff was a qualified employee within a disability under the ADA.

61. Defendant intentionally retaliated against Plaintiff based on her request for reasonable accommodations and use of protected medical leave pursuant to her disability.

62. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

63. Defendant's unlawful conduct in violation of the ADA was outrageous and

malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
**/s/ Gary Martoccio**
Gary Martoccio, Esq.
North Carolina Bar No. 54125
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com
*Counsel for Plaintiff*